# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

KAREN K. JONES,

        Plaintiff,

v.

TRUSTEES OF ISOTHERMAL
COMMUNITY COLLEGE, WALTER
DALTON, KIMBERLY GOLD, and
STEPHEN MATHENY,

        Defendants.

C.A. No.: 1:18-CV-00367-MR-WCM

## DEFENDANTS' RESPONSE TO PLAINTIFF'S TERMINATION OF ATTORNEYS

COME NOW Defendants Trustees of Isothermal Community College, Walter Dalton, Kimberly Gold, and Stephen Matheny (collectively the "Defendants"), by and through their undersigned legal counsel, and submit this Response to Plaintiff's Termination of Attorneys, Michael P. Thomas and Molly Simpson Gross ("Motion").

Plaintiff Karen K. Jones submitted this Motion *pro se* despite her current legal representation, first by serving copies on counsel for Defendants and her own counsel by U.S. Mail. She also mailed a copy to the Clerk of Court who received it, docketed it as a "Motion to Disqualify Counsel" on May 26, 2020, and further

described it as Plaintiff's *pro se* Motion to terminate counsel and appoint plaintiff *pro se* in this matter. [Doc. 26.] In the Motion, Plaintiff simply declares that she "hereby discharges" the attorneys who have represented her in this matter, states that she will continue *pro se*, demands return of her file materials from her attorneys, and vaguely discusses attempts to assert a lien (possibly referencing fees due to her counsel).[1] Plaintiff's counsel filed their Motion to Withdraw the same day, and Plaintiff also served by mail a second *pro se* Motion styled, "Plaintiff's Notice and Motion to Terminate Attorney Michael P. Thomas, Esq., and Molly Simpson Gross, Esq. and Notice of Plaintiff's Intent to Proceed in Pro Se."[2] [Docs. 27-28.]

As a brief response, Defendants first note that the Court need not even reach the question of Plaintiff's desire to continue *pro se* or her counsel's Motion to Withdraw. Defendants' Motion for Enforcement of Settlement Agreement and Sanctions against Plaintiff demonstrated that this dispute is at an end. [Doc. 24-25.] All that remains is to enforce the parties' deal reached at mediation and dismiss the case with prejudice. Accordingly, this Motion and other motions related to her representation will be moot. *See Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 538-39

---

[1] Plaintiff originally brought this dispute *pro se* in Civil Action 1:18-cv-00235-MR-DLH. Her current counsel appeared in that matter shortly after removal and Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice on October 12, 2018. This civil action followed.

[2] Defendants' responses to these motions are due June 9, 2020.

2

(4th Cir. 2002) (addressing appeal of case in which District Judge denied motion to withdraw as moot after ordering enforcement of settlement; the Fourth Circuit remanded on other grounds for further proceedings after which the District Court again enforced the settlement).[3]

Second, Plaintiff's Motion fails to comport with the Local Rules establishing the proper procedure for the removal of legal counsel. Legal counsel may be relieved in one of two ways: upon motion by counsel and Court approval, L.R. 83.1(f), or upon filing a Notice of Substitution of Counsel. L.R. 83.1(g). Plaintiff may not simply declare that her counsel are relieved and bypass these procedures.

WHEREFORE, Defendants respectfully request the Court grant its Motion for Enforcement of Settlement Agreement and Sanctions Against Plaintiff and find that that this Motion is moot; in the alternative, not grant Plaintiff the relief sought solely on the basis of this Motion until Plaintiff and her counsel satisfy the showing required by the Local Rules to effect a withdrawal of counsel; and issue such other and further relief that in the Court's judgment is necessary and proper in these circumstances.

---

[3] A copy of the ultimate order enforcing the settlement in *Hensley* is attached to this Response as Exhibit A.

Dated this the 3rd day of June, 2020.

s/Matthew J. Gilley___
Matthew J. Gilley
N.C. State Bar 31943
mgilley@fordharrison.com
Brian N. McCracken
N.C. State Bar 54522
bmccracken@fordharrison.com
FORD & HARRISON LLP
100 Dunbar Street, Suite 300
Spartanburg, South Carolina 29306
Telephone:  (864) 699-1100
Facsimile:   (864) 699-1101

Attorneys for Defendants

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S TERMINATION OF ATTORNEYS** was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will serve notice on Counsel for Plaintiff identified below.

Michael P. Thomas, Esq.
Molly Simpson Gross, Esq.
Patrick, Harper & Dixon L.L.P.
Post Office Box 218
Hickory, NC 28603
Attorneys for Plaintiff

This the 3rd day of June, 2020.

s/ Matthew J. Gilley

WSACTIVELLP:11551295.1