Exhibit A
Hensley v. Alcon Labs Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

ENTERED
JUL 18 2002
SAMUEL L. KAY, CLERK
U. S. District & Bankruptcy Courts
Southern District of West Virginia

ROBERT C. HENSLEY,

    Plaintiff,

v.    CIVIL ACTION NO. 3:99-0458

ALCON LABORATORIES, INC.,
a foreign corporation,

    Defendant.

## ORDER

The case first came before this court when plaintiff Robert Hensley brought a wrongful termination case in state court against Alcon Laboratories, Inc. (Alcon), and Alcon removed the case to federal court. The case was assigned to Judge Robert C. Chambers, who held an off-the-record settlement conference in the matter on May 17, 2000. Hensley, Hensley's attorney, and Alcon's attorney attended the conference. Alcon, Alcon's attorneys, and Hensley's attorneys all agreed to settle the case for $9,000; they all believed that Hensley also had agreed. Pursuant to this agreement, the court issued an order removing the case from the active docket and giving the parties 30 days to submit an agreed-upon order of dismissal. After the settlement conference, however, Hensley refused to sign an agreement.

Alcon filed a motion to enforce the settlement agreement or, in the alternative, for summary judgment. Subsequent affidavits exchanged by the parties reflected significant disagreement about what had happened at the settlement conference. The court granted Alcon's motion to enforce the settlement agreement and ordered Hensley to consummate the settlement agreement on or before September 15, 2000. Hensley continued to express reservations about the agreement. The district court held an off-the-record hearing on October 4, 2000, attended by Alcon's lawyer, Hensley, and Hensley's former lawyer who

represented him during the settlement conference. The court then entered an order dismissing Hensley's claims with prejudice and assessing reasonable attorney's fees and expenses.

On appeal from the judgment dismissing the case, the United States Court of Appeals for the Fourth Circuit found that the district court should have conducted a plenary hearing to determine if a settlement agreement existed, and if so, what the terms were. It remanded the case to another district judge to conduct the plenary hearing. On July 2, 2002, the court held an evidentiary hearing for the purposes of resolving the factual issues in this case. The court now makes the following findings of fact and conclusions of law.

## I. Findings of Fact and Conclusions of Law

1. The court finds that the testimony of Alcon's attorney, Charles Surber, and the testimony of Hensley's attorney, Jeffrey Taylor, were credible, and establishes by a preponderance of the evidence that the parties reached a settlement agreement at the mediation on May 17, 2000. The court finds that

   A. Hensley knowingly agreed to settle the case for $9,000 and a job reference that was supported by Hensley's performance appraisals, in exchange for confidentiality of terms and a full release of his claims against Alcon. *See* Tr. at 18-20; 100-02.

   B. Hensley also agreed not to seek re-employment with Alcon. Tr. at 99.

   C. The agreement did not provide for Hensley's reinstatement at Alcon. Tr. at 98.

   D. The agreement did not encompass a broad release of all claims. Tr. at 98-99.

   E. Hensley expressly agreed to these terms, and told his lawyers "words to the effect of, 'If you think that's as high as they're going to go,' or, 'If that's as much as I'm going to get.'" Tr. at 101.

2. The court finds that Hensley's testimony was incredible and unsupported by other evidence. The court bases this finding on its observations of Hensley's demeanor on the stand. His behavior and responses indicate that he is an intelligent man; he seemed fully to understand what was happening at the

-2-

hearing, and was able to give complete answers to the questions asked him by both lawyers and the court. At no point did he exhibit any noticeable confusion. The court finds that Hensley's version of the events on May 17 is not believable. He testified that he did not understand why he was going to court on May 17, 2000; that he did not know that Judge Chambers was really a judge; that he recognized Judge Chambers from political campaign ads on television and thought he was an actor being paid by Alcon to act as a judge; that he suspected that his lawyers had been bought off by Alcon and were not acting in his best interest; and that the entire proceeding was a sham. *See* Tr. at 129-131. This version of events is contradicted by Hensley's own testimony. For example, he was able to remember in great detail many things that Judge Chambers told him on May 17: that Alcon would be willing to pay $9,000 because that's how much it would cost to take the case to trial; that confidentiality would be a term of the settlement agreement; and that part of the case might be dismissed if the parties did not settle. *See* Tr. at 64-66. Despite his statements that he "wasn't sure what was going to happen" at the conference and that he thought the conference was for the purpose of just "do[ing] some talking there in front of the court," he later admitted that Taylor had sent him a letter explaining that a settlement conference was to take place on May 17, and that he knew he was going to court to discuss settling the case. Tr. at 124, 138. Despite his testimony that he thought the whole proceeding was staged, he said that at the end of the day on May 17, he believed his attorneys were going to draft a proposed settlement agreement for his review and approval. *Id.* at 130-31. The court also finds that Hensley's statement that he wanted at least $700,000 to settle the case, and would not have agreed to settle for any less unless Alcon reinstated him, is not credible. Tr. at 67.

3. Accordingly, the court concludes as a matter of law that the parties reached an enforceable settlement agreement on May 17, 2000.

4. The court finds that the terms of the agreement are that

-3-

    A.    Alcon shall pay Hensley $9,000 and provide him with a job reference supported by his performance appraisals;

    B.    Hensley shall keep the terms of the agreement confidential;

    C.    Hensley shall release Alcon from claims arising from his suit;

    D.    Hensley shall not seek re-employment with Alcon; and

    E.    Hensley shall release Alcon from all claims asserted in the lawsuit.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, the Honorable Robert C. Chambers, and any unrepresented party.

ENTER: July 17, 2002

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE