# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:18-cv-00367-MR-WCM

| | |
|---|---|
| KAREN K. JONES,            ) | |
|           ) | |
|       **Plaintiff,**    ) | |
|           ) | |
|    **vs.**         ) | **O R D E R** |
|           ) | |
|           ) | |
| TRUSTEES OF ISOTHERMAL     ) | |
| COMMUNITY COLLEGE, WALTER    ) | |
| DALTON, KIMBERLY GOLD, and    ) | |
| STEPHEN MATHENY,        ) | |
|           ) | |
|       **Defendants.**   ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal [Doc. 37] and the Plaintiff's Motion for ADA Accommodations [Doc. 38].

The Court held a hearing on the Defendants' motion to enforce the parties' settlement agreement on June 19, 2020. Prior to that hearing, the Plaintiff filed a motion seeking certain accommodations to be made for her at the hearing, including: that her husband be allowed to sit beside at counsel's table; that she be permitted to have a laptop with her; and that the Court provide her in advance with any questions that the Court intended to ask. [Doc. 38]. Because her motion for accommodations referenced certain

health conditions, the Plaintiff has moved to file her motion for accommodations under seal.  [Doc. 37].

The Plaintiff's motion for accommodations is granted in part and denied in part.  At the hearing, the Court permitted the Plaintiff's husband to sit at counsel's table, and the Plaintiff was allowed to have a laptop with her.  The Court, however, did not provide its questions in writing in advance, and at no time did the Plaintiff indicate that she was unable to engage in the hearing without this particular accommodation.

The Plaintiff's request to seal her motion for accommodations is granted. The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings.  Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014).  "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'"  Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)).  The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly

2

tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The motion was filed on June 12, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that her motion contains private medical information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the brief, the Court concludes that the sealing of the Plaintiff's motion is narrowly tailored to serve the interest of protecting the confidential medical information contained therein.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 37] is **GRANTED**, and the Plaintiff's Motion for ADA Accommodations [Doc. 38] shall be filed under seal and shall remain under seal until further Order of this Court.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for ADA Accommodations [Doc. 38] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge